IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RICHARD A. DAVIS,

    Plaintiff,

v.

SHELBY COUNTY, TENNESSEE,

    Defendant.

Case No:_____

**JURY DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Richard A. Davis, and brings this civil rights action against his former employer, Defendant Shelby County, Tennessee, Plaintiff, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the American with Disabilities Act, as amended, 42 U.S.C. § 12201, et seq. ("ADAAA"), seeks to remedy the Defendant's violations of Title VII.  As set forth herein, Plaintiff was subjected to unlawful employment practices by Defendant.

### I.  PARTIES

1. Plaintiff, Richard Davis, is a resident citizen of Shelby County, Tennessee and a former employee of the Shelby County, Tennessee, as a senior auditor.  At all times relevant hereto, Plaintiff is ready, willing and able to perform all of the essential functions of his position.

2. Defendant Shelby County, Tennessee is a governmental entity in the State of Tennessee and is a public employer and the legal entity that operates the Internal Audit Department.  At all times relevant hereto, Shelby County was the employer of Plaintiff.

## II.  JURISDICTION AND VENUE

3. The Court has jurisdiction over Plaintiff's discrimination and retaliation claims under 42 U.S.C. 2000e pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

4. Venue is proper in this Court as all parties can be found in this District and all the actions complained of herein took place in this District.

## III. STATEMENT OF FACTS

5. Plaintiff is a licensed Certified Public Accountant and holds a Master's Degree in Science from the University of Memphis.  He has twenty years' experience as an accountant.

6. Plaintiff was hired by Defendant on August 16, 2016 as a senior auditor in the Internal Audit Department.

7. Throughout his employment with the SCDOC, Plaintiff has consistently met or exceeded expectations in his job performance as is evidenced by his performance evaluations and commendations.

8. At all times relevant hereto, Plaintiff was supervised by Tommy Cates ("Cates").

9. Plaintiff was diagnosed with brain cancer in 2003.  In December 2003, Plaintiff underwent surgery to remove the cancer.  The surgery was successful, but as a result, Plaintiff has since suffered injuries to his brain which affect, among other things, short term memory and his fine motor skills.

10. Because of this physical impairment, Plaintiff is significantly limited in the major life activities, inter alia, of thinking, speaking, working, manipulating objects, and walking.

11. Plaintiff is an otherwise qualified individual with a disability as defined by the ADAAA.

12. Plaintiff took leave from his employment in 2015 and 2017 related to his brain injury.

13. During his employment, Plaintiff was subjected to unlawful harassment and intimidation by his supervisor, Cates including but not limited to unfair scrutinization and unwarranted investigations and discipline.

14. Cates has made disparaging comments to Plaintiff and about Plaintiff referencing the injury to his brain, including but not limited to calling Plaintiff "half-brained" and telling a co-worker of Plaintiff that Plaintiff "has his head worked on." Cates has spoken to other employees about Plaintiff, asking them if he has had difficulty remembering things or "sticking to standards".

15. Plaintiff complained about the harassment and discriminatory treatment to Richard Sherman, a human resources specialist, who referred Plaintiff to the internal EEO office.

16. After complaining about the harassment and discriminatory treatment, Plaintiff was subjected to additional unwarranted discipline resulting in his termination on January 29, 2018, citing disregard of a lawful order, acts of incompetence and intentional failure to carry out instructions.

17. Plaintiff appealed the discipline to the Shelby County Civil Service Merit Board which held a hearing on May 31, 2018 and issued a decision on June 29, 2018 reducing the discipline to an unpaid suspension and ordering Shelby County to return Plaintiff to work.

18. Instead of returning Plaintiff to work, Defendant appealed the decision of the Civil Service Merit Board to the Shelby County Chancery Court, where the case is currently pending.

19. Plaintiff alleges that he was treated less favorably than similarly situated individuals who have engaged in similar or worse conduct and who have not made complaints of

discrimination and/or voiced opposition to perceived discriminatory practices and who have received no discipline or much more lenient discipline.

20. Plaintiff alleges that he was treated less favorably than similarly situated individuals who are not disabled or perceived as being disabled.

21. On May 9, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunities Commission ("EEOC") in Memphis, Tennessee, Charge No. 490-2018-01200 (the "Charge") alleging retaliation. A true and correct copy of the Charge is attached hereto as Exhibit A.

22. The Charge was filed within 300 days of the adverse employment actions complained about herein.

23. On June 12, 2019 the EEOC issued a Notice of Right to Sue Within 90 Days to Plaintiff (the "Notice"). A true and correct copy of the Notice is attached hereto as Exhibit B.

24. Plaintiff has exhausted his administrative remedies.

25. This action is timely filed.

## IV. CAUSE OF ACTION

### COUNT I – VIOLATIONS OF TITLE VII

26. Plaintiff incorporates the paragraphs above by reference as though specifically set forth herein, and alleges that:

27. Defendant's actions constitute unlawful retaliation in violation of Title VII. Specifically, Defendant has disciplined Plaintiff more harshly and treated Plaintiff less favorably in retaliation for his voicing opposition to perceived gender discrimination and retaliatory conduct. Upon information and belief, other similarly-situated individuals who have not voiced opposition to discriminatory practices have been treated more favorably than Plaintiff.

28. As a direct and proximate result of Defendant's intentional and unlawful conduct toward Plaintiff, Plaintiff has lost and continues to lose significant wages and benefits and has sustained other pecuniary loss.

29. Plaintiff, as a direct result of Defendant's intentional and unlawful actions, has suffered damage to his professional career and professional reputation, as well as to his personal reputation.

30. Further, Defendant's intentional and unlawful actions taken against Plaintiff have been demeaning to Plaintiff and have caused Plaintiff to suffer pain, humiliation, and embarrassment, as well as severe anxiety, stress, and emotional distress which has resulted in mental and physical injuries for which Plaintiff has had to seek medical treatment.

31. Defendant's unlawful actions complained of above were intentional, malicious, and taken in reckless disregard to the constitutional and statutory rights of Plaintiff.

## COUNT II – VIOLATIONS OF THE ADAAA

32. Plaintiff incorporates the paragraphs above by reference as though specifically set forth herein, and alleges that:

33. Plaintiff is an otherwise qualified individual with a disability or is perceived by Defendant as an individual with a disability.

34. Defendant's actions constitute disability discrimination in violation of the American with Disabilities Act, as amended, 42 U.S.C. § 12201, et seq. Specifically, Defendant has disciplined Plaintiff more harshly and treated Plaintiff less favorably based upon his disability. Upon information and belief, other similarly-situated individuals who are not disabled have been treated more favorably than Plaintiff.

5

35. As a direct and proximate result of Defendant's intentional and unlawful conduct toward Plaintiff, Plaintiff has lost and continues to lose significant wages and benefits and has sustained other pecuniary loss.

36. Plaintiff, as a direct result of Defendant's intentional and unlawful actions, has suffered damage to his professional career and professional reputation, as well as to his personal reputation.

37. Further, Defendant's intentional and unlawful actions taken against Plaintiff have been demeaning to Plaintiff and have caused Plaintiff to suffer pain, humiliation, and embarrassment, as well as severe anxiety, stress, and emotional distress which has resulted in mental and physical injuries for which Plaintiff has had to seek medical treatment.

38. Defendant's unlawful actions complained of above were intentional, malicious, and taken in reckless disregard to the constitutional and statutory rights of Plaintiff.

## V. PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth above, Plaintiff prays that the following relief be granted following a jury verdict in his favor:

1. An award of back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

2. Compensatory damages for the emotional distress, loss of enjoyment of life, humiliation and embarrassment caused by Defendant in an amount to be determined by the jury;

3. A trial by jury; and

4. Such further legal and equitable relief as is deemed just and proper.

Respectfully Submitted,

*/s/ James M. Allen*
JAMES M. ALLEN BPR 15968

Attorney for Plaintiff

ALLEN LAW FIRM, PLLC
212 Adams Avenue
Memphis, TN 38103
901-321-0731 P
901-321-0751 F
jim@jmallenlaw.com